OPINION OF THE COURT
Stanley Green, J.
The request by petitioner that the court sign an order to show cause pursuant to Mental Hygiene Law article 81 is denied.
*362 A petition for the appointment of a guardian of the person of an alleged incapacitated person (AIP) must include "specific factual allegations as to the personal actions or other actual occurrences involving the person alleged to be incapacitated which are claimed to demonstrate that the person is likely to suffer harm because he or she cannot adequately understand and appreciate the nature and consequences of his or her inability to provide for personal needs” (Mental Hygiene Law § 81.08 [a] [4]). Likewise, "if powers are sought with respect to property management for the alleged incapacitated person, specific factual allegations [must be made] as to the financial transactions or other actual occurrences involving the person alleged to be incapacitated which are claimed to demonstrate that the person is likely to suffer harm because he or she cannot adequately understand and appreciate the nature and consequences of his or her inability to provide for property management” (Mental Hygiene Law § 81.08 [a] [5]).
Petitioner, the maternal grandmother of the AIP, is concerned about the health, welfare and personal well-being of her grandson, who is 20 years old and resides with his parents, petitioner’s daughter and son-in-law. Petitioner alleges that the AIP has been emotionally and physically abused by his parents all his life and she enumerates several alleged incidents when the AIP was nine months old and six years old. She also alleges that seven years ago the parents refused to allow the AIP to visit with her and the relationship between her and the AIP has ceased. She asserts that the AIP’s parents constantly criticize him, that her son-in-law has a drinking problem that leads to abusive conduct and that the household is in constant turmoil. Petitioner concludes that, as a result of all of this, the AIP’s emotional and educational upbringing has been neglected and delayed and that he is entirely dependent on his parents.
While petitioner’s concerns may be sincere, they do no meet the criteria set forth in the statute to justify judicial intervention. The allegations do not demonstrate, even minimally, that petitioner’s grandson is likely to suffer harm or that he is unable to provide for personal needs or property management. The AIP is able to work. The fact that he lives with his parents is of no consequence. There is no allegation of any physical problems or medical treatment. There is no allegation of any real psychiatric or psychological problem or treatment. There is no allegation of prior intervention by the police, the courts or any social service agency, despite claims of abuse going back almost 20 years.
*363 Mental Hygiene Law article 81 is meant to provide protection for those people in true need. The AIP, while perhaps not having achieved his full potential, is clearly not the type of person contemplated to be covered by this statute.